UNITED STATE DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 1:23-CV-11591

RYAN DENVER,

    Plaintiff,

v.

SCOTTSDALE INSURANCE COMPANY,

    Defendant.

# COMPLAINT

## INTRODUCTION

This is an action for declaratory judgment. The plaintiff-insured, Ryan Denver ("Denver"), seeks declaratory relief and recovery from the defendant-insurer, Scottsdale Insurance Company ("Scottsdale"), of Defense Costs which Denver continues to incur in connection with a Loss within the meaning of the insurance policy it purchased from Scottsdale, but which Scottsdale has failed and refused to pay.

## PARTIES

1. Denver is an individual residing in Boston, MA. At the time of the Accident (defined below), Mr. Denver also maintained property in Salisbury, MA. The insurance policy at issue insures, *inter alia*, Mr. Denver's Salisbury, MA home.

2. Upon information and belief, Scottsdale is an insurance company formed under the laws of Delaware, licensed to do business in Massachusetts, with a home office at One Nationwide Plaza, Columbus OH; and an administrative office at 8877 North Gainey Center Drive, Scottsdale, AZ.

#63945968

3. Scottsdale authorized and directed the Commissioner of Insurance, 1000 Washington Street, Suite 810, Boston, MA to accept service of process on its behalf.

## JURISDICTION AND VENUE

4. This action is proper in the Federal Court under Diversity of Citizenship, 28 U.S.C. § 1332. The amount in controversy herein, exclusive of interest and costs, exceeds $75,000.00 and is sufficient for the jurisdiction of this Honorable Court pursuant to 28 U.S.C. § 1332.

5. This is also a cause of action arising from a insurance policy providing certain marine/watercraft coverage, which may potentially be commenced in this Honorable Court pursuant to 28 U.S.C. § 1333.

6. Venue is proper in the District of Massachusetts under 28 U.S.C. § 1391 because the insurance policy which is the subject of this lawsuit was sold in Massachusetts and provides watercraft liability coverage for a vessel located in Massachusetts. Furthermore, the subject loss occurred in Massachusetts.

7. This action is also before the Court pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

## BACKGROUND AND FACTS

*The Policy*

8. On or about March 4, 2021, Scottsdale issued a Homeowners Policy, Policy Number HOS1388919, for the period beginning April 19, 2021 through at least July 17, 2021 (the "Policy").

9. On information and belief, Scottsdale may have issued other insurance policies to Denver which may provide coverage to Denver with regard to the "Accident," defined below. The Policy and such other policies shall be collectively referred to herein as "the Policies."

10. The Policy provides Denver with personal liability coverage with a limit of $500,000.

11. The Policy defines "watercraft" as "a craft principally designed to be propelled on or in water by wind, engine power or electric motor."

12. The Policy provides coverage for personal liability and medical payments to others arising under "watercraft liability" presuming the watercraft, as here, is owned by an "insured" who acquired it during the Policy period.

13. As relevant to this complaint, the Policy defines "watercraft liability" as "liability for 'bodily injury' or 'property damage' arising out of the: (1) ownership of such vehicle or craft by an 'insured'; (2) maintenance, occupancy, operation, use, loading or unloading of such vehicle or craft by any person; . . .".

14. Under the "Personal Liability" coverage, Coverage E, Scottsdale agrees:

> If a claim is made or a suit is brought against an "insured" for damages because of "bodily injury" or "property damage" caused by an "occurrence" to which this coverage applies, [Scottsdale] will:
>
> 1. Pay up to [Scottsdale's] limit of liability for the damages for which an "insured" is legally liable. Damages include prejudgment interest awarded against an "insured"; and
>
> 2. Provide a defense at [Scottsdale's] expense by counsel of [Scottsdale's] choice, even if the suit is groundless, false or fraudulent. [Scottsdale] may investigate and settle any claim or suit that [it] decide[s] is appropriate. [Scottsdale's] duty to settle or defend ends when [its] limit of liability for the "occurrence" has been exhausted by payment of a judgment or settlement.

#63945968

*The Accident*

15. On or around June 28, 2021, Denver purchased a new Pursuit Vessel, Model DC 365, built in 2021, with a Hull Identification Number of PURD5206K021 (the "Vessel").

16. The Vessel is an insured "watercraft" within the meaning of the Policy.

17. On July 17, 2021, Denver was operating his Vessel with seven (7) passengers aboard when it struck Daymarker No. 5 in Boston Harbor (the "Accident").

18. Denver is an "insured" under the Policy.

19. The Accident is an "occurrence" under the Policy.

20. The Vessel was damaged, and all eight (8) people onboard the Vessel subsequently entered the water, prior to the Vessel capsizing after taking on water as a result of the allision.

21. Mr. Denver and six (6) of the passengers were rescued from the water by First Responders, and one (1) of the passengers died.

*Subsequent Litigations*

22. On or about August 6, 2021, Mr. Denver received a written notice of a wrongful death claim, alleging that "Mr. Denver's negligent operation of his boat" caused the loss.

23. Mr. Denver filed an action pursuant to the Limitation of Shipowner's Liability Act, 46 U.S.C. §§ 30501-12 (2006), in the District of Massachusetts on November 12, 2021. *See* Docket No. 1:21-cv-11841-ADB (the "Limitation Action").

24. Four (4) of the passengers filed personal injury claims against Mr. Denver in the Limitation Action.

25. The estate of the passenger who died filed a wrongful death claim against Mr. Denver in the Limitation Action.

26. The United States of America, on behalf of the United Stated Coast Guard, filed a claim for property damage (Daymarker No. 5) in the Limitation Action.

27. Denver promptly notified Scottsdale of the Wrongful Death calim, the passenger personal injury claims and the Coast Guard claim.

### *Denver Promptly/Timely Notifies Scottsdale of the Actions*

28. Denver notified Scottsdale of the Accident, *inter alia*, on or about August 16, 2021.

29. In response, Scottsdale issued a Reservation of Rights letter dated August 19, 2021.

### *Scottsdale Has Advanced Funds to Cover a Small Portion – But Not Nearly All – of Denver's Defenses Costs*

30. As of the filing of the present action, Scottsdale has appointed Denver defense counsel in the Limitation Action, however such counsel has taken on only a limited role in the defense.

31. Scottsdale has provided only some of the funds to cover Denver's defense.

32. Scottsdale further maintains that its defense is subject to a reservation of rights.

### **COUNT I – BREACH OF CONTRACT: DEFENSE COSTS**

33. Denver incorporates the preceding paragraphs as if set forth fully herein.

34. The claims in the Limitation Action set forth allegations that fall within the scope of coverage under the Policy.

35. As a result, Scottsdale is contractually obligated under the Policy to advance Defense Costs to Denver.

36. Scottsdale has no grounds under the Policy to seek to recoup Denver's Defense Costs.

37. Scottsdale breached the Policy failing to pay Denver's Defense Costs.

38. The Policy is an enforceable written contract.

39. Denver is not in breach of the Policy.

40. Scottsdale has materially breached the Policy by failing and/or refusing to timely reimburse Defense Costs with respect to the Limitation Action.

41. Denver has been damaged by Scottsdale's breaches of the Policy in a principal amount which will be made to appear.

42. There is a live, actual, and material dispute between the parties with respect to Scottsdale's obligation to advance Defense Costs to Denver on a current basis and without reservation.

43. Denver seeks: (i) a declaration that it is entitled to retain all sums paid by Scottsdale for Defense Costs; (ii) an award from Scottsdale of all additional Defense Costs up to the Policy Limits in an amount that will be made to appear; and (iii) a declaration, at the appropriate time, that Scottsdale is required to indemnify Denver with respect to all claims arising out of the Accident.

## COUNT II – DECLARATORY JUDGMENT

44. Denver incorporates the preceding paragraphs as if set forth fully herein.

45. There is a live, actual, and material dispute between the parties as alleged herein.

46. Denver seeks a declaration that it is entitled under the Policies: (i) to retain all sums paid by Scottsdale for Defense Costs; (ii) to an award from Scottsdale of all additional Defense Costs; and (iii), ultimately, to indemnity from Scottsdale, up to the Policy limits in an amount that will be made to appear.

## PRAYERS FOR RELIEF

WHEREFORE, Denver respectfully requests that the Court:

1. Enter Judgment in favor of Denver on all counts of this Complaint;

2. Issue a Judicial Declaration that Denver is entitled to retain all Defense Costs which he receives/has received from Scottsdale;

3. Issue a Judicial Declaration, at an appropriate time, that Scottsdale is required to indemnify Denver with regard to all claims arising out of the Accident;

4. Award Denver breach of contract damages for Defense Costs from Scottsdale;

5. Award Denver the attorneys' fees it has incurred as a result of Scottsdale's failure to timely reimburse Denver's Defense Costs with regard to the claims; and

6. Award Denver all such other and further relief as the Court deems just and proper, including without limitation, attorneys' fees, interest and costs.

#63945968

RYAN DENVER,

By his attorneys,

    */s/ Eric F. Eisenberg*
Joel Lewin, Esq. BBO No. 298040
jlewin@hinckleyallen.com
Eric F. Eisenberg, BBO No. 544682
eeisenberg@hinckleyallen.com
Alexandra A. Briggs, BBO No. 691168
abriggs@hinckleyallen.com
HINCKLEY, ALLEN & SNYDER LLP
28 State Street
Boston, Massachusetts  02109-1775
Tel: 617 345-9000
Fax: 617 345-9020

Liam T. O'Connell (BBO # 694477)
FARRELL SMITH O'CONNELL AARSHEIM APRANS LLP
46 Middle Street, Second Floor
Gloucester, MA 01930
(978) 744-8918 x 18
loconnell@fsofirm.com

Dated:  July 14, 2023

#63945968